UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDRA MENA and LA BAMBA BAR
LOUNGE INC.,

                                Plaintiffs,                    **REPORT AND**
                                                                **RECOMMENDATION**
                                                                 19-CV-6255 (JMA) (ARL)

          -against-

INCORPORATED VILLAGE OF FREEPORT,
and JOSEPH MADIGAN, individually, and
JONATHAN SMITH, individually, and ROBERT T.
KENNEDY, individually, and MIGUEL
BERMUDEZ, individually,

                                Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Plaintiffs Sandra Mena and La Bamba Bar Lounge Inc. commenced this civil rights action based upon racial discrimination action on November 5, 2019. ECF No. 1. A scheduling order was entered by Magistrate Judge A. Kathleen Tomlinson on March 18, 2020. By letter motion dated November 19, 2020 counsel for Plaintiffs filed a motion to withdraw as counsel. ECF No. 23. On December 2, 2020, discovery was stayed by District Judge Feuerstein pending resolution of the motion. Judge Tomlinson granted counsels motion to withdraw on December 16, 2020. ECF No. 25.

       As part of the December 2, 2020 Order granting counsel's motion to withdraw, Judge Tomlinson directed that Sandra Mena and La Bamba Bar Lounge, Inc. had 45 days to obtain new counsel. Plaintiffs were also advised that

> by law, a corporation may not proceed in a lawsuit without being represented by an attorney. Therefore, although Ms. Mena may proceed to represent herself on a pro se basis, the corporation cannot do so. Consequently, La Bamba Bar Lounge, Inc. must have counsel appear on its behalf on January 28, 2021. If it does not do so, the corporation is running the risk of having its case dismissed

ECF No. 25. Neither plaintiff appeared at the conference scheduled for January 28, 2021, and Judge Tomlinson issued an order again reminding Plaintiffs that La Bamba Bar Lounge could not appear *pro se* in this action and advising that "the Court has no alternative but to recommend to Judge Feuerstein that the Amended Complaint be dismissed for failure to prosecute as well as failure to comply with the Orders of this Court." ECF No. 29.

On July 6, 2021 the matter was reassigned to District Judge Azrack and on October 20, 2021 Judge Azrack issued the following order to show cause:

> If Plaintiffs still intend to prosecute this lawsuit, Plaintiffs must respond to this Order in writing within fourteen days. Failure to comply with this Order will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff has failed to comply with this order.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Moreover, parties have an obligation to notify the Court of any change of address. *See Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013). This rule applies to both represented parties as well as *pro se* litigants. *Id.*

Here, Plaintiffs were repeatedly warned that failure to appear in this action and failure to

2

comply with Court Orders could result in the dismissal of their claim. Plaintiffs have failed to appear at several Court conferences and have not made an appearance at all since counsel was relieved in December 2020. Under these circumstances, the matter cannot proceed. Certainly, Defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties and copy is being sent by Federal Express to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
November 29, 2021

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

3