UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X   For Online Publication Only
SANDRA MENA and LA BAMBA BAR
LOUNGE INC.,

                                                   **ORDER**
                                                   19-CV-6255(JMA)(ARL)
             Plaintiffs,

       -against-

INCORPORATED VILLAGE OF FREEPORT,
and JOSEPH MADIGAN, individually, and
JONATHAN SMITH, individually, and ROBERT
T.KENNEDY, individually, and MIGUEL
BERMUDEZ, individually,

             Defendants.
-------------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiffs Sandra Mena and La Bamba Bar Lounge, Inc. (together, "Plaintiffs") commenced this action on November 5, 2019 against Defendants alleging racial discrimination. (ECF No. 1.) On November 19, 2020 counsel for Plaintiffs filed a motion to withdraw as counsel which was granted. (ECF No. 20, 25.) Plaintiffs since then have repeatedly failed to appear for status conferences or otherwise comply with court orders despite warnings that their claims may be dismissed. (See, e.g., ECF No. 25, 29, Electronic Order dated 10/20/2021.) By a sua sponte Report and Recommendation dated November 30, 2021, Magistrate Judge Arlene R. Lindsay recommended dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 32.) No objections have been filed and the time for doing so has since passed. For the reasons stated below, the report is adopted in its entirety.

       "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the

1

magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same).  In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

The Court has reviewed the record and the unopposed Report and Recommendation for clear error and, finding none, hereby adopts Judge Lindsay's Report and Recommendation in its entirety as the opinion of the Court.

Accordingly, the Court dismisses the action with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to mail a copy of this Order to Plaintiffs at the address of record and close this case.

**SO ORDERED.**

Dated: December 27, 2021
Central Islip, New York

                                                   /s/     JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE